Honorable Marsha J. Pechman

1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

8        WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

9   [1] THE EMPLOYEE PAINTERS' TRUST, [2]
    RESILIENT FLOORCOVERING PENSION
10  FUND, [3] WESTERN WASHINGTON            CAUSE NO.:  C03-2904P
    FLOOR COVERING APPRENTICESHIP
11  FUND, [4] WESTERN WASHINGTON            FIRST AMENDED COMPLAINT FOR
    FLOOR COVERING INDUSTRY                 BREACH OF COLLECTIVE
12  PROMOTION FUND, and [5] REBOUND         BARGAINING AGREEMENT
    TRUST,
13
                Plaintiffs,
14
15      vs.

16  ETHAN ENTERPRISES, INC., a Washington
    corporation, REBECCA S. JOHNSON,
17  individually, and GREGORY S. TIFT,
    individually,
18
                Defendants.
19
        COME NOW Plaintiffs, and for their cause of action, allege as follows:

20      1.      Plaintiffs The Employee Painters' Trust, Resilient Floorcovering Pension Fund,

21  Western  Washington  Floor  Covering  Apprenticeship  Fund,  Western  Washington  Floor

22  Covering  Industry  Promotion  Fund,  and  Rebound  Trust  (Trust Funds)  are  joint  labor-

23  management  employee  benefit  Trust  Funds  created  pursuant  to  §302(c)(5)  of  the  Labor-

24  Management Relations Act (the Act), 29 USC §186(c)(5) and bring this action in accordance

25

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

1  with §§502(d)(1), 502(a)(3), and 515 of the Employee Retirement Income Security Act of

2  1974 (ERISA), 29 USC §1001, *et seq.*

3      2.      Defendant Ethan Enterprises, Inc., a Washington corporation, (Employer) is

4  engaged in business within the jurisdiction of this Court, and such business affects commerce

5  within the meaning of §301(a) of the Act, 29 USC §185(a).

6      3.      Defendants Rebecca S. Johnson, individually, and Gregory S. Tift, individually,

7  are engaged in business under the trade name Ethan Enterprises, Inc. within the jurisdiction of

8  this Court, and such business affects commerce within the meaning of §301(a) of the Act, 29

9  USC §185(a).

10      4.      Jurisdiction is conferred on this Court by §301(a) of the Act, 29 USC §185(a)

11  and §§502(a)(3) and 502(e)(2) of ERISA, 29 USC §§1132(a)(3) and 1132(e)(2).

12      5.      At all times material, the Employer and Carpet, Linoleum & Soft Tile Layers

13  Local Union No. 1238 IUPAT were parties to a Collective Bargaining Agreement and Trust

14  Agreement, material parts of which are set forth in Exhibits A and B to this Complaint.

15  Plaintiff Trust Funds are third-party beneficiaries to the Collective Bargaining Agreement.

16      6.      The Employer's failure to pay fringe benefit contributions which continue after

17  the filing of this Complaint violates the Collective Bargaining Agreement and Trust

18  Agreement(s).  The Employer's failure to pay is also a violation of §515 of ERISA 29 USC

19  §1145.

20      7.      Defendant Employer and Carpet, Linoleum & Soft Tile Layers Local Union No.

21  1238 IUPAT entered into a collective bargaining agreement, a copy of which is attached as

22  Exhibit C.  Such agreements provide both for monthly employer contributions and for an

23  additional amount owing to the Trust Funds for the benefit of covered employees of Defendant

24  Employer as set forth in Article VIII of such agreement, pp. 13-14 and pp. 26-27.

25

FIRST AMENDED COMPLAINT
PAGE 2 OF 5

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

8.     The Employer has failed to abide by the terms and conditions set forth in the Collective Bargaining Agreement and Trust Agreement(s) and is and continues to be delinquent in reporting and payment of fringe benefit contributions for the period June 2003 through current, all of which are due and payable under the terms of the Collective Bargaining Agreement and Trust Agreement(s).  The Employer's failure to pay is also a violation of §515 of ERISA, 29 USC §1145.

9.     The full extent of the Employer's delinquency to the date of this Complaint is unknown at this time and will be determined by an examination of the Employer's payroll records, which examination is authorized by the Trust Agreement(s), ERISA, 29 USC §§1027 and 1059 and controlling Federal court decisions.

10.     The continuing failure of the Employer to pay contributions also makes the full extent of the Employer's delinquency uncertain and will be determined at the time of trial.

11.     By failure to pay monies withheld from employees' wages for vacations and union dues, Defendants, the corporation and individually, violated RCW 49.52.050 in:

      a.     Willfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any stature, ordinance, or contract, or . . . .

Under RCW 49.52.070. it provides:

      b.     Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of subdivisions (1) and (2) of RCW 49.52.050 shall be liable in a civil action by the aggrieved employer or his assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, that the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

12.     The Collective Bargaining Agreement, the Western Washington Floor Covering Health and Welfare and Dental Trust, master Trust Declaration for the Resilient Floor

FIRST AMENDED COMPLAINT
PAGE 3 OF 5

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

1  Covering Pension Fund, provide that the Trusts can audit the books and records of the

2  employers.  Under the Collective Bargaining Agreement, if, as a result of an audit, it is found

3  that there is an underpayment of fringe benefits, the employer is required to pay the entire

4  costs of the audit and liquidated damages due, unless the underpayment of the said

5  contributions, as revealed by the audit, is less than 2% of contributions paid by the employer

6  for the period under the audit.  Audit fees are costs under ERISA.  (For recovery under 29

7  USC 1132(g)(2), see *Operating Engineers Pension Trust v. A-C Co.,* 859 f.2D 1336 (9TH Cir.,

8  1988), quoted above.)  The court should enter an Order [1] making all of the books, records,

9  and tax returns available to the Plaintiffs for audit, and [2] granting damages and other relief

10  otherwise requested hereinafter.

11      13.     Pursuant to the several trust agreements and specifically under The Employee

12  Painters Trust Agreement and Declaration of Trust, the Defendants Rebecca S. Johnson and

13  Gregory S. Tift are individually liable for contributions determined to be owing to the Plaintiff

14  Trust Funds.

15      14.     Under the terms of the Collective Bargaining Agreement and Trust

16  Agreement(s) to which the Employer is bound, the Employer is also obligated to pay all

17  liquidated damages in the amount of 10% or $25.00, whichever is greater, of the delinquent

18  contributions owing, interest computed at the rate of 12% per annum and costs and expenses

19  incurred, including reasonable attorney's fees.

20      15.     If judgment is entered by default, a reasonable attorney's fee as of the date of

21  this Complaint is $2,000.00.

22      WHEREFORE, Plaintiff Trust Funds pray for the following relief:

23      (a)     Judgment against Ethan Enterprises, Inc., a Washington corporation, subject to
               an audit to determine the correct amount of contributions, liquidated damages
24             and interest for the months of June 2003 through current;

25

FIRST AMENDED COMPLAINT
PAGE 4 OF 5

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

(b)    Judgment against Rebecca S. Johnson, individually, and Gregory S. Tift, individually, for all amounts due to the vacation fund, withheld dues and contributions to the Employee Painters' Trust Agreement and Declaration of Trust;

(c)    An order compelling all the Defendants to make all of their books and records available for examination as required by the certified public accountant engaged to make such audits; such books and records would include but not be limited to payroll records, cash receipts, cas disbursements, all journals maintaind, all ledgers maintained, all tax returns including but not limited to United States Income Tax Returns and all payroll tax returns.

(d)    For all costs and attorney's fees incurred;

(e)    Reasonable attorney's fees owing as of the date of this Complaint are $2,000.00; and

(f)    Such other relief as the Court deems just and equitable.

DATED this 15th day of June, 2004.

s/Robert A. Bohrer
WSBA #5050
Ekman, Bohrer & Thulin, P.S.
220 W. Mercer, Ste. 400
Seattle, WA 98119
Telephone: (206) 282-8221
Fax: (206) 285-4587
E-mail: r.bohrer@ekmanbohrer.com
Attorney for Plaintiffs

S:\Collections\WWP-3410\Pleadings\2004\Ethan Complaint Amend.doc

FIRST AMENDED COMPLAINT
PAGE 5 OF 5

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

1/09/01

# ARTICLE VIII
## EMPLOYER CONTRIBUTIONS

1.    Contributions to Trust

Contributions to the Trust shall be due and payable at the Trust office, or at such other location as may be specified by the Trustees, and shall be made monthly.  Contributions shall be made by the date specified in the collective bargaining agreement or special agreement requiring such contributions.  If the collective bargaining agreement or special agreement does not specify a due date, the Trustees shall have the authority to establish a due date.  Each monthly contribution shall accompany a contribution reporting form provided by the Trust.

2.    Delinquent Contributions

The Trustees shall have the authority to pursue and collect delinquent contributions, and the other claims described in this Article VIII, or in the collective bargaining agreement or special agreement.

Contributions shall be considered to be delinquent if they are not submitted by the due date, are not submitted for all employees on whose behalf they are required, or are improperly computed as required by the applicable collective bargaining agreement or special agreement.

3.    Inspection, Examination, and Audit of Employer Records

The Trustees shall have the authority to inspect, examine, and audit the payroll records, information, data, reports, or documents of an Employer, as they may deem necessary in the administration of the Trust.  The Trustees or their authorized representatives may examine the pertinent financial records of each individual Employer with respect to the individual employees participating in this Trust whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

In the event any such inspection, examination, or audit shall determine that an Employer is delinquent in the payment of contributions due the Trust, the Employer shall be obligated for the cost of such audit; provided, however, the Trustees may waive the imposition of such costs for good cause shown.



**EXHIBIT**

A

1/09/01

4.    Liquidated Damages and Interest

The parties recognize and acknowledge that the prompt and accurate payment of contributions is essential to the maintenance of the Trust and the Plan and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust that would result from the failure of any Employer to pay the required contributions within the time provided. Therefore, if any Employer is delinquent in the payment of contributions, such Employer shall be liable, in addition, for liquidated damages of twelve percent (12%) of the amount of the contributions which are owed, or one-hundred dollars ($100.00), whichever is greater.  In addition, the delinquent contributions shall bear interest at the rate of twelve percent (12%) per annum from the due date until they are paid.  The Trustees may waive all or part of the liquidated damages or interest for good cause shown.

5.    Attorney Fees and Court Costs

In the event the Trustees refer the delinquency to legal counsel for collection, the delinquent Employer shall be liable for reasonable attorney fees (with a minimum of $100.00) and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. The Trustees may waive all or part of the attorney fees or collection costs for good cause shown.

6.    Venue of Collection Actions

In the event a lawsuit is initiated the venue of such suit may be laid in a court of competent jurisdiction in the county and state of the Trust Fund's  principal office or other venue as may be determined by the Board of Trustees.

7.    Collective Bargaining Agreement Provisions

In the event the applicable collective bargaining agreement contains provisions relating to collection of delinquencies which provide for additional remedies, including greater amounts of liquidated damages, interest, or attorney fees than those set forth in this Trust Agreement, the Trustees, at their option, may pursue the additional remedies or impose the greater charges.

The Trustees shall not be obligated, however, to pursue the collection of delinquencies through the grievance-arbitration procedures (if any) provided for in the applicable collective bargaining agreement.

8.  Liability of Corporate Officers

In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII.  Therefore, in

## ARTICLE VIII

## EMPLOYER CONTRIBUTIONS

1.    Reports and Contributions to Trust

Reports and contributions to the Trust shall be due and payable at the Trust Office, or at such other location as may be specified by the Trustees, and shall be made monthly. Reports and contributions shall be made by the date specified in the collective bargaining agreement or special agreement requiring such reports and contributions. If the collective bargaining agreement or special agreement does not specify a due date, the Trustees shall have the authority to establish a due date. Each monthly contribution shall accompany a contribution reporting form provided by the Trust.

2.    Delinquent Reports and Contributions

The Trustees shall have the authority to pursue delinquent reports and collect delinquent contributions and the other claims described in Article VII, or in the collective bargaining agreement or special agreement. The employer shall submit reports on or before the due date specified in the collective bargaining agreement, special agreement or by the Trusts even though the employer has had no employees. Time is of the essence in the receipt of all reports and contributions due to the Trust Fund.

Reports and contributions shall be considered to be delinquent if they are not submitted by the due date, are not submitted for all employees on whose behalf they are required, or are improperly computed as required by the applicable collective bargaining agreement or special agreement.

3.    Inspection, Examination, and Audit of Employer Records

The Trustees shall have the authority to inspect, examine, and audit the payroll records, information, data, reports, or documents of an Employer as they may deem necessary in the administration of the Trust. The Trustees or their authorized representatives may examine the pertinent financial records of each individual Employer with respect to the individual employees participating in this Trust whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

In the event any such inspection, examination, or audit shall determine that an Employer is delinquent in the payment of contributions due the Trust, the Employer shall be obligated for the cost of such audit, provided, however, the Trustees may waive the imposition of such costs for good cause shown.

21

4.    Liquidated Damages and Interest

The parties recognize and acknowledge that the prompt and accurate payment of contributions is essential to the maintenance of the Trust and the Plan and that it would be extremely difficult, if no impossible, to fix the actual expense and damage to the Trust that would result from the failure of any Employer to pay the required contributions within the time provided. Therefore, if any Employer is delinquent in the payment of contributions such Employer shall be liable, in addition, for liquidated damages of ten percent (10%) of the amount of the contributions which are owed or twenty-five dollars ($25.00), whichever is greater. In addition, the delinquent contributions shall bear interest at the rate of twelve percent (12%) per annum from the due date until they are paid. The Trustees may waive all or part of the liquidated damages or interest for good cause shown.

5.    Attorney Fees and Court Costs

In the event the Trustees refer the delinquency to legal counsel for collection, the delinquent Employer shall be liable for reasonable attorney fees (with a minimum of $100.00), and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. The Trustees may waive all or part of the attorney fees or collection costs for good cause shown.

6.    Venue of Collection Actions

In the event a lawsuit is initiated to recover the delinquent contributions or additional delinquency charges, the venue of such suit may be laid in a court of competent jurisdiction (federal or state) in King County, Washington.

7.    Collective Bargaining Agreement Provisions

In the event the applicable collective bargaining agreement contains provisions relating to collection of delinquencies, which provide for additional remedies, including greater amounts of liquidated damages, interest or attorney fees than those set forth in this Trust Agreement, the Trustees, a their option may pursue the additional remedies or impose the greater charges.

The Trustees shall not be obligated, however, to pursue the collection of delinquencies through the grievance-arbitration procedures (if any) provided for in the applicable collective bargaining agreement.

8.    Liability of Corporate Officers

In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII. Therefore,

22

in the event any corporate participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust Fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

1/09/01

# ARTICLE VIII
## EMPLOYER CONTRIBUTIONS

1.      Contributions to Trust

Contributions to the Trust shall be due and payable at the Trust office, or at such other location as may be specified by the Trustees, and shall be made monthly. Contributions shall be made by the date specified in the collective bargaining agreement or special agreement requiring such contributions. If the collective bargaining agreement or special agreement does not specify a due date, the Trustees shall have the authority to establish a due date. Each monthly contribution shall accompany a contribution reporting form provided by the Trust.

2.      Delinquent Contributions

The Trustees shall have the authority to pursue and collect delinquent contributions, and the other claims described in this Article VIII, or in the collective bargaining agreement or special agreement.

Contributions shall be considered to be delinquent if they are not submitted by the due date, are not submitted for all employees on whose behalf they are required, or are improperly computed as required by the applicable collective bargaining agreement or special agreement.

3.      Inspection, Examination, and Audit of Employer Records

The Trustees shall have the authority to inspect, examine, and audit the payroll records, information, data, reports, or documents of an Employer, as they may deem necessary in the administration of the Trust. The Trustees or their authorized representatives may examine the pertinent financial records of each individual Employer with respect to the individual employees participating in this Trust whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

In the event any such inspection, examination, or audit shall determine that an Employer is delinquent in the payment of contributions due the Trust, the Employer shall be obligated for the cost of such audit; provided, however, the Trustees may waive the imposition of such costs for good cause shown.

**EXHIBIT**

tabbies®

6

1/09/01

4.    Liquidated Damages and Interest

The parties recognize and acknowledge that the prompt and accurate payment of contributions is essential to the maintenance of the Trust and the Plan and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust that would result from the failure of any Employer to pay the required contributions within the time provided. Therefore, if any Employer is delinquent in the payment of contributions, such Employer shall be liable, in addition, for liquidated damages of twelve percent (12%) of the amount of the contributions which are owed, or one-hundred dollars ($100.00), whichever is greater.  In addition, the delinquent contributions shall bear interest at the rate of twelve percent (12%) per annum from the due date until they are paid.  The Trustees may waive all or part of the liquidated damages or interest for good cause shown.

5.    Attorney Fees and Court Costs

In the event the Trustees refer the delinquency to legal counsel for collection, the delinquent Employer shall be liable for reasonable attorney fees (with a minimum of $100.00) and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. The Trustees may waive all or part of the attorney fees or collection costs for good cause shown.

6.    Venue of Collection Actions

In the event a lawsuit is initiated the venue of such suit may be laid in a court of competent jurisdiction in the county and state of the Trust Fund's  principal office or other venue as may be determined by the Board of Trustees.

7.    Collective Bargaining Agreement Provisions

In the event the applicable collective bargaining agreement contains provisions relating to collection of delinquencies which provide for additional remedies, including greater amounts of liquidated damages, interest, or attorney fees than those set forth in this Trust Agreement, the Trustees, at their option, may pursue the additional remedies or impose the greater charges.

The Trustees shall not be obligated, however, to pursue the collection of delinquencies through the grievance-arbitration procedures (if any) provided for in the applicable collective bargaining agreement.

8. Liability of Corporate Officers

In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VIII.  Therefore, in

- 24 -

The Employer Trustees shall designate in writing the name or names of any Employer Trustee who may sign checks in the above manner, and the Union Trustees shall likewise designate in writing the name or names of the Union Trustee who may sign checks in the above manner.

The Trustees may, in their discretion, designate and authorize an employee of the Fund to sign checks upon such separate and specific bank account or bank accounts as the Trustees may designate and establish for that purpose.

*Section 10.*     SURETY BONDS.  The Trustees and any employees of the Trustees who are empowered and authorized to sign checks as aforesaid shall each be bonded by a duly authorized surety company in such amount as may be determined from time to time by the Trustees.  Each such employee employed by the Trustees who may be engaged in handling monies of the Pension Fund shall also be bonded by a duly authorized surety company in the same manner.  The cost of the premium on such bonds shall be paid out of the Pension Fund.

# ARTICLE VI

# CONTRIBUTIONS TO THE PENSION FUND

*Section 1.*     RATE OF CONTRIBUTIONS.  In order to effectuate the purpose hereof, each Employer shall contribute to the Pension Fund the amount required by the Collective Bargaining Agreement between the Union and the Employer.  The rate of contribution shall at all times be governed by the aforesaid Collective Bargaining Agreement then in force and effect, together with any amendments, supplements or modification thereto.  On matters other than contribution rates, contributions to the Pension Plan shall be governed by the Rules and Regulations of the Pension Plan; contributions to the Annuity Plan shall be governed by the Rules and Regulations of the Annuity Plan.

*Section 2.*     EFFECTIVE DATE OF CONTRIBUTIONS.  All contributions shall be made effective as required by the Collective Bargaining Agreement and shall continue to be paid as long as the

Employer is so obligated pursuant to the Collective Bargaining Agreement with the Union or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust, as hereinafter provided.

*Section 3.*    MODE OF PAYMENT. All contributions shall be payable to the "PAT International Union and Industry Pension Fund" and shall be paid in the manner and form determined by the Trustees.

*Section 4.*    DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer in default for twenty days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the money due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection (including attorneys' fees) incurred by the Trustees and such liquidated damages or penalties as may be assessed by the Trustees.

*Section 5.*    REPORT ON CONTRIBUTIONS. The Employers shall make all reports on contributions in such manner and form as required by the Trustees.

*Section 6.*    AUDITS. The Trustees may at any time have an audit made by certified public accountants of the payroll, wage and cash disbursement records, general ledger, and other financial records, including but not limited to tax returns, of any Employer in connection with the said contributions and/or reports. When an Employer receives notice that the Employer is scheduled for an audit, the Employer may write to the Fund 1) explaining why the time or date for the audit is impossible for the Employer to comply with and 2) offering alternative times or dates for an audit within a reasonable time. If the Fund does not receive such a written response from the Employer within 48 hours before the scheduled audit, the certified public accountants responsible for the audit may proceed as scheduled. If the Employer fails to cooperate

- 13 -

# MASTER LABOR·AGREEMENT

Between

## Western Washington Independent
Floor Covering Employers

And

## PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 5
OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED
TRADES AFL-CIO-CLC
ON BEHALF OF
CARPET, LINOLEUM AND SOFT TILE LAYERS
LOCAL UNION NO. 1238

June 1, 2003 – May 31, 2004

EXHIBIT

tabbies'

C

## ARTICLE XIII – TRUST FUNDS AND ADMINISTRATION

13.1  In addition to wages, each Employer shall make, on behalf of each bargaining unit employee (regardless of Union membership) covered by this Agreement, the following contributions:

| NAME OF FUND | RATE OF CONTRIBUTION |
|---|---|
| Resilient Floor Covering Pension Trust Fund | $3.75  each hour worked, paid on all employees, *see 11.5 apprentices |
| The Painters Trust Health & Welfare Plan | $3.85  for each hour worked |
| DC5 Painters & Allied Trades Apprenticeship & Training Trust | 1.5% of Journeyman wages |
| Western Washington Floor Covering Industry Fund | $.03 per hour worked |
| L.M.C.I (Labor Management Cooperation Initiative | $.02 per hour worked |

13.2  Such contributions with the required report shall be forwarded to the administrator or a bank, as may be mutually agreed upon.  The report and payment must be postmarked by the post office not later than the 15th day of the month (or the first working day following, if the 15th is a Saturday, Sunday or holiday) following the month in which the hours were worked.  If, in the opinion of a CPA employed by the Union, or any of the Trust Funds, the Employer has failed to maintain accurate time records, it shall be conclusively presumed that each employee who performed any service in a given week worked the number of hours produced by applying the computation as provided in ARTICLE VII.

13.3  It is recognized and acknowledged by all parties, including the participating Employers, that the prompt and accurate payment of contributions is essential to the maintenance of an employee benefit trust fund and the benefit plans, and that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Fund that would result from the failure of a participating Employer to pay the required contributions within the time provided.  Therefore, if any participating Employer shall be delinquent in the payment of contributions, such Employer shall be liable, in addition, for liquidated damages of ten percent (10%) of the amount of the contributions which are owed or twenty-five dollars ($25.00), whichever is greater.  In addition, the delinquent contributions shall bear interest at the rate of eight percent (8%) per annum from the due date until they are paid.  The Trustees shall have the authority, however, to waive all or part of the liquidated damages or interest for good cause shown.  Further, in the event the Trustees place

13

in the hands of legal counsel for collection, the delinquent Employer shall be liable for reasonable attorney fees (with a minimum of $25.00) and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc.  The Trustees shall have the authority, however, to waive all or part of the attorney fees or collection costs for good cause shown.
In any event suit is initiated, it is agreed that such suit shall be filed in a court of competent jurisdiction (either state or federal) located in King County, Washington.  In addition to the remedies set forth herein, the Union shall be free (notwithstanding any express or implied "no strike" clause in this Agreement) to strike and picket any Employer failing to make any payment of money required by this ARTICLE, ARTICLE VII or ARTICLE VIII, provided, however, that such rights shall not be exercised within the ten (10) day period following the due date of such payments.

13.4   By entering into this Agreement, the Employer adopts and agrees to be bound by the terms of the Trust Agreements establishing the funds referred to in this ARTICLE.  Further, the Employer designated the Employer Trustees of each Trust as his representative and approves the lawful acts of such Trustees.

13.5   The Union, at its option, shall be permitted to divert from wages such sums as may be required to maintain existing fringe benefit levels, in any existing program providing they are approved by the membership of Local #1238, at a "special called" meeting.

13.6   Trust fund payments are due on the 15th day of the month following the month in which the hours were worked.  Payments must be made on all compensable hours whether worked by floor coverers hired by the Employer, or by floor coverers working for persons to whom the Employer has contracted or subcontracted work.  All such contributions are for the benefit of floor coverers working under this Agreement.  It is the Employer's responsibility to maintain an accurate record of compensable hours, to obtain and timely remit, reporting forms.  The Employer-Contractor is not obligated to make payments on floor coverer's hours worked for a sub-contractor party to this Agreement.

13.7   The Trustees of each of the trusts shall have the power to require each Employer to furnish such information and reports as they may require in the performance of their duties as Trustees.  The Trustees of the trusts have the right to employ a CPA who shall have the right at reasonable times during business hours, to enter upon the premises of the Employer and to examine and copy such of the books, records, and papers and reports of the Employer relating to the hours and wages of employees as may be required to permit the Trustees to determine whether the Employer is making full payment to the trusts.  A current list of records which the trust's auditor is authorized to examine in the course of his audit appears as APPENDIX B of this Agreement.

13.8   The CPA employed by the Trustees shall provide the Employer with a copy of his instructions at the time he requests an appointment with the Employer.  The CPA's report shall be in accordance with the policies of the Trustees.

13.9   It shall be the Employer's responsibility to obtain appropriate forms for reporting Trust fund payments.

# AGREEMENT

District Council # 5, International Union of Painters & Allied Trades ("Union") and Ethan Enterprises, Inc. ("Ethan") agree as follows:

1.    Commencing June 24, 2003, Ethan adopts and becomes party to the current collective bargaining agreement between Local 1238, IUPAT and area floor covering contractors. Ethan agrees to sign the agreement within five business days of the execution of this Agreement, but understands that it is bound to the contract as of June 24. Ethan adopts the "9(A) Agreement" entered into on May 16, 2002 between the Union and Tift & Young Enterprises Inc. Ethan agrees not to file any petition with the National Labor Relations Board contesting the Union's 9(a) status, and agrees not to withdraw recognition. Ethan does not otherwise acknowledge any relationship with Tift & Young Enterprises Inc. and nothing in this Agreement shall be used as evidence of any relationship between Ethan and Tift & Young Enterprises Inc.

2.    Ethan agrees to be bound to the contract entered into between Local 1238 and/or District Council #5 and other area floor covering contractors that is a successor to the current agreement, and to further successor agreements so long as Ethan is paying on its obligations set forth in this Agreement. When Ethan completes payment under this Agreement, it is released from its obligation to be bound by successor agreements at its written option provided in compliance with the terms of the agreement then in effect, but must abide by the agreement then in effect through its term. Provided, however, that if Ethan both completes payment under this Agreement and files notice of modification or termination with the Union by March 30, 2004, Ethan shall not be obliged to become party to the successor agreement.

3.    For the period June 6, 2002 through June 23, 2003, Ethan agrees to pay to its employees 50% of the difference in wages and other economic compensation between the labor agreement in effect during each relevant payroll period between Local 1238 and area floor covering contractors, and the actual amount paid to employees by Ethan. For hours worked by employees during the same period, Ethan agrees to pay 50% of the fringe benefits due to trust funds specified in the labor agreement. Payments shall be completed no later than June 30, 2006 but may be made earlier. Payments shall be made in equal monthly installments, and shall commence no later than twenty days following agreement on the amounts due (or determination by dispute resolution as the case may be). Interest on all amounts shall be calculated at the interest rate assessed by the National Labor Relations Board in unfair labor practice matters.

4.    Ethan shall provide full access to the Union and an accountant or auditor appointed by the Union and/or trust funds to its records and personnel for purposes of calculating the amounts due under paragraph 3.

26



5.      Ethan agrees that it will not place into effect its apprenticeship program (approved by the Washington State Apprenticeship and Training Council in April 2003) during the term of any labor agreement with the Union to which it is party, and for any period thereafter during which Ethan and the Union are engaged in good faith bargaining.

6.      The Union agrees to waive all but $75 of that portion of its initiation fee not applied to membership dues for non-member Ethan employees. Ethan acknowledges that its employees are obliged to make application to the Union and pay the reduced amount of initiation fee and prepaid monthly dues no later than 45 days after June 24, 2003.

7.      The parties agree that any dispute concerning this Agreement shall be resolved under the grievance and arbitration provisions of the labor agreement. An arbitrator shall be selected through the procedures of the Federal Mediation and Conciliation Service. The parties agree to attempt to resolve differences concerning the amounts to be determined under paragraph 3 by informal means but recognize that recourse to a third party may be made.



8.      This Agreement is predicated on the agreement of the trust funds specified in the labor agreement to waive liquidated damages on fringe benefit contributions for the period June 6, 2002 through June 23, 2003. Written notice to this effect shall be provided to Ethan. This Agreement is null and void if any such Trust Fund refuses to provide a waiver. This paragraph is conditioned upon Ethan's compliance with the terms set forth in this Agreement.

9.      In exchange for the above promises, the Union agrees to request withdrawal of its unfair labor practice charges with prejudice against Ethan and Tift & Young Enterprises Inc. (NLRB Case Nos. 19-CA-28319; 19-CA-28349; and 19-CA-28702) now pending for trial before the National Labor Relations Board. This Agreement is null and void in the event the administrative law judge of the National Labor Relations Board refuses to approve withdrawal of the pending complaint. Upon withdrawal of the pending complaint by the administrative law judge, the complaint shall be dismissed. The administrative law judge is requested to grant an indefinite continuance pending the furnishing of notices contemplated by paragraph 8 above.

27

10.     This Agreement may be signed by counterpart signatures and by signatures via facsimile.

DATED this 23rd day of June, 2003.

_____
Gregory S. Tift
President
Tift & Young Enterprises, Inc.

_____
Odie Carter
Business Representative
District Council # 5, Int'l Union of
  Painters & Allied Trades and its affili-
  ated Local 1238

_____
Rebecca Johnson
President
Ethan Enterprises Inc.

28

10. This Agreement may be signed by counterpart signatures and by signatures via facsimile.

DATED this 23rd day of June, 2003.

_____          _____
Gregory S. Tift                       Odie Carter
President                             Business Representative
Tift & Young Enterprises, Inc.        District Council # 5, Int'l Union of
                                       Painters & Allied Trades and its affili-
                                       ated Local 1238

_____
Rebecca Johnson
President
Ethan Enterprises Inc.