UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE EMPLOYEE PAINTERS' TRUST, *et al.*, | Case No. C03-2904RSM |
| Plaintiffs, | ORDER DENYING MOTION TO SET ASIDE ORDER GRANTING RENEWAL OF JUDGMENT |
| v. | |
| ETHAN ENTERPRISES, INC., *et al.*, | |
| Defendants. | |

## I.      INTRODUCTION

This matter comes before the Court on Defendant Gregory Tift's Motion to Set Aside this Court's prior Order granting Plaintiffs' Motion for Renewal of Judgment, in which Plaintiffs sought 10 additional years to execute the Judgment previously entered by the Court against Defendants.  Dkt. #97.  For the reasons discussed herein, the Court now DENIES Defendant Tift's motion.

## II.      BACKGROUND

On August 29, 2004, this Court entered default against Defendants in this matter.  Dkt. #37.  At the time default was entered, the Court mailed copies of the Order to individual Defendants Gregory Tift and Rebecca Johnson, both of which were returned undeliverable. Dkts. #38 and #39.

ORDER
PAGE - 1

Several months later, the Court granted Plaintiffs' Motion for Default Judgment, entering judgment against Defendants in the amount of $1,030,344.95, which represented fringe benefit contributions covering the period February 2003 through October 2004 and 50% of the supplemental fringe benefits due for the period June 6, 2002, through June 23, 2003, in the amount $901,897.11; liquidated damages in the amount $66,324.74; interest in the amount $55,315.23; costs in the amount $658.12; and attorney's fees in the amount $6,149.75. Dkt. #42. Copies of the Judgment were mailed to both Mr. Tift and Ms. Johnson, and again the mail was returned undeliverable. Dkt. #43.

Shortly thereafter, counsel appeared on behalf of Defendants and moved to set aside the default judgment on the basis that Defendants had not been properly served with the Amended Summons and Complaint. Dkt. #45. The Court denied the motion, finding:

> Defendants argue that the Order of default and subsequent judgment is based on the Amended Summons and Complaint, which plaintiffs failed to properly serve. This argument is misguided for two reasons.
>
> First, the Order of default in this case is based solely on corporate defendants' failure to retain substitute counsel, after its former counsel withdrew, in violation of Local Rule GR 2(f)(4)(B). (*See* Dkts. #36 and #37). Therefore, the default order was based on a reason independent from defendants' failure to file an Answer to the Amended Summons and Complaint. Corporate defendant does not dispute that it failed to secure substitute counsel until after the default judgment had been entered against it.
>
> For similar reasons, the individually-named defendants, Ms. Johnson and Mr. Tift, were also found in default. This Court's Local Rules require *pro se* litigants to inform the Court of their current addresses, and warn such litigants that their claims may be dismissed for failure to do so. Local Rule CR 41(b)(2). Thus, as with the corporate defendant, the default order was based on a reason independent from defendants' failure to file an Answer to the Amended Summons and Complaint. While Mr. Tift now makes a half-hearted attempt to excuse his failure to find substitute counsel, arguing that he believed his former attorney's withdrawal would not be effective without a hearing by the Court, that argument is disingenuous. (*See* Dkt. #36 at 2).

Mr. Tift received a copy of the stipulation of withdrawal submitted by his attorney that included the language "such withdrawal shall be effective upon the Court's signing of the Order" and "such withdrawal shall be effective immediately." (Dkt. #23).  A simple review of this Court's Local Rules would have confirmed that such stipulation would be reviewed by the Court without oral argument.  *See* Local Rule CR 7(b)(4).

Second, the Court finds that regardless of those independent reasons for default, plaintiffs did comply with the rules governing service by publication, and therefore, the entry of default was proper.  Plaintiff has demonstrated that it attempted to serve defendants in person at a last known address with no success, and that address is listed by the State of Washington as the defendants' current address.  (*See* Dkt. #50, Exs. C and D).  Plaintiff was informed that defendants were no longer located at the address; however, at no time have defendants notified the Court or plaintiffs of a change of address.  During that same time period, mail sent to that address by this Court was returned as undeliverable.  (Dkts. #38 and #39).  Moreover, the Court is not persuaded by defendants' argument that plaintiffs should have made a more diligent search before resorting to publication.  (*See* Dkt. #51).

Finally, the Court notes that defendants apparently assert failure to serve as a routine defense in litigation against them, even when they have previously admitted being served.  (*See* Dkt. #50, Ex. G at 3).  That fact undermines defendants' arguments before this Court.

For all of these reasons the Court finds that the default judgment against them is not void, and the Court declines to vacate either the Order of Default or Default Judgment.

Dkt. #52 at 2-3.

Defendants then filed a motion for reconsideration, which was also denied.  Dkts. #53

and #57.  At the same time, Defendants filed a motion for relief due to excusable neglect.  Dkt.

#54.  That too was denied.  The Court stated:

Defendants have first moved from relief from judgment based on the "excusable neglect" standard under FRCP 60(b)(1).  They argue that defendants should be excused from their failure to provide the Court with an updated address because defendant Tift believed that by filing a forwarding address with the post office for his corporation he would receive all necessary notices from this Court.  (Dkt. #54 at 5-7).  However, that argument fails to address the basis of this Court's Order for default judgment.  As previously noted by the Court, the Order of default in this case was based on corporate defendants' failure to retain substitute counsel,

ORDER
PAGE - 3

> after its former counsel withdrew, in violation of Local Rule GR 2(f)(4)(B). (*See* Dkts. #36 and #37).  Defendants fail to address that issue at all. Accordingly, the Court finds that defendants have shown no basis to vacate the previous Order of default.  Moreover, the Court has already addressed defendants' improper service arguments in its previous Orders denying defendants' motion to set aside default judgment and motion for reconsideration.  (Dkts. #52 and #57).  Therefore, the Court declines to address that argument now for the third time.
>
> Similarly, the Court also declines to address defendants' argument that they are entitled to relief from judgment because of misrepresentation by plaintiffs.  (Dkt. #54 at 7-9).  Defendants argue that in the original motion for default judgment, plaintiffs misrepresented that a collective bargaining agreement had been signed by defendants, and "grossly" misrepresented the man hours used to support the judgment.  It appears that defendants are essentially attempting to renew their previous motion to set aside the default judgment.  However, the Court finds that defendants' argument could easily have been brought to the Court's attention in the previous motion, yet defendants offer no excuse for their failure to present the argument earlier. This Court will ordinarily deny motions for reconsideration when no new facts or legal argument have been presented, that could not have been presented earlier with due diligence by counsel.  *See* Local Rule CR 7(h). Accordingly, the Court finds no reason to consider defendants' late-raised arguments now, and set aside the default judgment.

Dkt. #71 at 1-2.

Defendants appealed from all of the Court's Orders.  On April 13, 2007, the Ninth Circuit Court of Appeals issued a Mandate affirming this Court's entry of default and default judgment.  Dkt. #78.

Seven years later, on November 26, 2014, Plaintiffs moved for a renewal of the Court's judgment, seeking an additional ten years in which to execute judgment against the Defendants. Dkt. #82.  Defendants' prior counsel was electronically served with the motion.

The individual Defendants were apparently aware of the motion too, as, on December 9, 2014, Defendants Tift and Johnson filed a Notice of Filing for Bankruptcy, and asked the Court to stay the pending motion in this matter.  Dkt. #83.  As a result, the Court ordered Plaintiffs to show cause why the Motion should not be stayed pending the outcome of the bankruptcy, and

ordered Defendants to show cause why the Motion should not proceed against Defendant Ethan Enterprises.  Dkt. #84.  Again, Defendants' prior counsel was served with the Order.

Defendants did not respond to the Court's Order.  Plaintiffs responded that this matter should not be stayed because Defendant Tift's bankruptcy had been dismissed, and therefore this matter was no longer subject to an automatic stay.  Dkt. #85.  Plaintiffs also provided copies of the pertinent bankruptcy orders in support of their response.  Dkt. #85, Exs. 1-2.  The Court ultimately agreed that this matter was not subject to any bankruptcy stay.  Accordingly, the Court proceeded with review of Plaintiffs' motion to renew judgment, and found that they had shown good cause to renew the judgment for an additional 10 years.  Dkt. #86.

Defendant Gregory Tift then filed a motion for reconsideration, arguing that they had not received notice of the Court's Order to Show Cause.  Dkt. #88.  The Court struck the motion, noting that as of that date, Defendant Tift was represented by an attorney, no motion to withdraw had ever been filed, nor had any notice of substitution of counsel ever been filed, the attorney was registered for electronic filing and had been sent notice of all filings in this case, and therefore the Court could not consider any filings directly from Mr. Tift at that time.  Dkt. #89.  Mr. Tift's prior counsel then filed a motion to withdraw.  Dkt. #90.

Prior to the Court ruling on the motion to withdraw, Defendant Tift filed a motion to proceed *pro se* and a second motion for reconsideration.  Dkts. #93 and #94.  The Court struck those motions, explaining that the motion to withdraw had not been decided and therefore Mr. Tift was precluded from directly filing motions with the Court.  Dkt. #95 at 1.  The Court also noted that Mr. Tift is not an attorney, and therefore may not appear on behalf of Defendant Ethan Enterprises or Defendant Rebecca Johnson.  *Id.* at 1-2.  The Court ultimately allowed the withdrawal of prior defense counsel.  Dkt. #96.

ORDER
PAGE - 5

Six months later, Defendant Tift filed the instant motion to vacate, asking the Court to vacate its Order granting Plaintiffs' motion for renewed judgment.  Dkt. #97.  This motion appears to be essentially identical to the motion for reconsideration filed at Dkt. #88, which the Court ultimately struck.  Dkt. #89.

### III.    DISCUSSION

Defendant Tift now asks the Court to vacate its Order renewing the judgment against Defendants pursuant to Federal Rule of Civil Procedure 60(b).  Specifically, Mr. Tift argues that the Court's Order should be vacated "in its entirety as the order is void ab initio."[1]  Dkt. #97 at 1.

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."  *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).  Rule 60(b) sets forth six reasons for which a court may relieve a party from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation, or other misconduct by the opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged, and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  The party seeking relief under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199, 71 S. Ct. 209, 95 L. Ed. 207 (1950)).  Mr. Tift fails to meet that standard here.

First, to the extent that Mr. Tift argues he was never served with this Court's Order to Show Cause, *see* Dkt. #97 at 2, the Court rejects that argument.  As noted above, Mr. Tift was represented by counsel at the time the Show Cause Order was issued and prior counsel was served with the Order.

---

[1] *Ab initio* is the Latin phrase meaning "from the beginning."

ORDER
PAGE - 6

Second, to the extent Defendant Tift argues that his prior counsel's failure to inform him of the Notice to Show Cause prejudiced him, the Court also rejects that argument. Mr. Tift was clearly aware of the filings in this matter, including the Motion for Renewed Judgment. Indeed, in direct response to Plaintiffs' motion, Mr. Tift filed a Notice of Bankruptcy. The Show Cause Order was a result of Mr. Tift's Notice, but the directive to Defendants in that Order pertained only to corporate Defendant Ethan Enterprises. Because Mr. Tift is not an attorney, he may not respond on behalf of the corporate Defendant. The Court considered Mr. Tift's bankruptcy notice and Plaintiffs' response regarding the notice, and ultimately determined that the automatic stay was not in effect. Accordingly, Mr. Tift fails to show any connection between the alleged failure of his counsel to tell him about the Show Cause Order and this Court's decision regarding the bankruptcy stay.

Third, the Court rejects Defendant Tift's argument that RCW 6.17.020(3) precludes jurisdiction in this Court. As Plaintiffs note, the statutory section upon which Defendant Tift relies is not applicable to this situation. Dkt. #99 at 2-3. Defendant Tift mistakenly reads the statute to require a motion for renewal in state court rather than in this Court. *See* Dkt. #97 at 5-6. However, the statute requires that state district court judgments be renewed in the superior court in which the original judgment was transcribed. RCW 6.17.020(3). The statute distinguishes between state district courts and federal district courts. RCW 6.17.020(5). Thus, Plaintiffs did not act in error by seeking to renew the judgment in this Court, and the Court will not vacate the Order granting Plaintiffs' motion on that basis.

Finally, the Court rejects Defendant Tift's argument that the Court's Order is void because he was in active bankruptcy at the time it was issued and therefore this case was subject to an automatic stay. Dkt. #97 at 6-7. As an initial matter, on December 9, 2014, Defendant Tift provided notice to this Court of his bankruptcy under Case No. 14-17966-TWD.

ORDER
PAGE - 7

Dkt. #83.  At the time the Court issued its Order renewing judgment, that bankruptcy case had been dismissed and therefore no automatic stay was in place for that matter.[2]  *See* Dkt. #85, Ex. 1.

Defendant Tift apparently then filed another bankruptcy petition on December 15, 2014, Case No. 14-18931-TWD, after the Court issued its Show Cause Order and prior to Plaintiffs' response to that Order.  *See* Dkt. #103 at 1.  Plaintiff argues that this matter became subject to the automatic stay at that time and Plaintiffs acted with unclean hands by failing to alert the Court of that filing.  Dkt. #103.  Setting aside the fact that neither party informed this Court of the December 15th bankruptcy petition, and assuming only for purposes of this motion that an automatic stay was indeed in effect as of that date, the Court rejects Defendant Tift's argument because the renewal of a judgment is not a violation of the automatic stay provision.

In *Wussler v. Silva (In re Silva)*, 215 B.R. 73 (Bankr. D. Idaho 1997), the United States Bankruptcy Court for the District of Idaho examined the same issue raised by Defendant Tift. The Court found that the renewal of a judgment did not violate the automatic stay provision, explaining:

> The automatic stay operates as a stay of "any act to create, perfect or enforce" a lien against property of the estate, and of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title."  11 U.S.C. 362 (a)(2), (4).  Was the stay violated by Plaintiff and Third Party Defendants' efforts to renew and revive their judgment without permission of this Court? ""Significantly, the [automatic stay] does not explicitly prohibit acts to extend, continue, or renew otherwise valid statutory liens."  *In re Morton*, 866 F.2d 561, 564 (2d Cir. 1989).  Moreover, the automatic stay does not operate to relieve a judgment creditor of any requirement to give notice and extend the judgment in state court, "especially when the very existence of [the judgment] is created and defined by state law and when the extension will have no adverse effect on any party or property involved in the bankruptcy proceeding."  *Id.* at 564.  Thus, the application for renewal and

---

[2]   In fact, the dismissal of his bankruptcy case occurred on December 2, 2014, prior to the Court's receipt of Defendants' notice.  Dkt. #85, Ex. 1.

the motion for revival did not violate the automatic stay, but simply served to maintain the status quo, actions not adverse to the policy of the bankruptcy law, but in harmony with it.

*In re Silva*, 215 B.R. at 76-77.  *See also Morton v. Nat. Bank of New York City (In re Morton)*, 866 F.2d 561, 564 (2nd Cir. 1989) (finding that the automatic stay does not apply to the filing of an extension of a statutory lien).  The Ninth Circuit Court of Appeals has thus far declined to address this issue, s*ee Smith v. Lachter (In re Smith)*, 352 B.R. 702, 706 fn. 13 (B.A.P. 9th Cir. 2006), and the Court finds the above reasoning persuasive.  Likewise, the Court does not find that Plaintiffs acted with unclean hands by filing their motion.

For all of these reasons, the Court finds that Defendant Tift has failed to demonstrate any reason under Rule 60(b) why this Court should set aside or vacate its prior Order and the renewed judgment remains against Defendants.

## IV.    CONCLUSION

Having reviewed Defendant Tift's Motion to Set Aside Order, the Response thereto and Reply in support thereof, the declarations and exhibits filed by the parties, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Tift's Motion to Set Aside (Dkt. #97) is DENIED.

DATED this 11 day of August, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 9